IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR312** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **JUAN BARRAZA-MEZA,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 32). See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objections are discussed below.

### ¶ 24 - U.S.S.G. § 2L1.2(b)(1)(A)

In paragraph 24, the application of § 2L1.2(b)(1)(A) resulted in a 16-level enhancement in light of the Defendant's December 31, 1992, deportation. (PSR, ¶¶ 15, 24.) Section 2L1.2(b)(1)(A) provides for such an enhancement after a defendant "was deported, or unlawfully remained in the United States, after" a qualifying felony.

The Defendant's argument appears to assume that under the facts of this case § 2L1.2(b)(1)(A) does not apply to this case because the Defendant was deported, as opposed to removed, prior to the 1997 amendment to the guideline. The Defendant was deported for a qualifying prior felony, and this conduct falls squarely within the applicable guideline. The objection is denied.

### ¶ 37 - U.S.S.G. § 4A1.2(e)(1)

In paragraph 37, 3 criminal history points were assessed for a prior offense. The Defendant was discharged from parole on this offense on January 22, 1994. Therefore, the parole discharge date is the operative date for the prior offense. *United States v. Saul,* 11 Fed. Appx. 694, at **1 (8th Cir. 2001). The offense of illegal reentry is a continuing offense that begins at the time of the illegal reentry and ends when a defendant is discovered in the United States. *United States v. Alba-Esqueda,* 457 F.3d 859, 860 (8th Cir. 2006). The PSR shows that the Defendant was present in the United States as early as 1997. (PSR, ¶ 49.) Under these facts, the 15-year time period described in § 4A1.2(e)(1) clearly applies, and the Defendant's objection is denied.

### ¶ 43 - U.S.S.G. § 4A1.1(d)

Two criminal history points were assigned under § 4A1.1(d) for recency with respect to the offense described in ¶ 39. The Defendant argues that for purposes of § 4A1.1(d), the Defendant's act of reentering the United States illegally is the operative fact as opposed to his being found in the United States. As stated above, illegal reentry is a continuing offense, and because the Defendant was found in the United States while on probation for the offense described in ¶ 39, two criminal points were properly added under § 4A1.1(d).

IT IS ORDERED:

1.  The Defendant's Objections to the Presentence Investigation Report (Filing No. 32) are denied;

2.  Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge